IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SILVAN WARNICK,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**BRADFORD COOLEY, ROBIN WILKINS, DANIEL HERBOLDSHEIMER, ETHAN RAMPTON, and MARK KNIGHTON,**<br><br>　　　　　　**Defendants.** | **REPORT AND RECOMMENDATION**<br><br><br>**Case No. 2:14cv186**<br><br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　This matter was referred to Magistrate Judge Paul M. Warner by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are the following motions: (1) Daniel Herboldsheimer's motion to dismiss Silvan Warnick's ("Plaintiff") original complaint;[2] (2) Bradford Cooley, Ethan Rampton, Robin Wilkins, and Mark Knighton's (collectively, "County Defendants") motion to dismiss;[3] (3) Herboldsheimer's motion to strike Plaintiff's

---

[1] *See* docket no. 34.

[2] *See* docket no. 21.

[3] *See* docket no. 22.

amended complaint;[4] (4) the County Defendants' motion to strike Plaintiff's amended complaint;[5] and (5) Plaintiff's motion for leave to file an amended complaint.[6]

## PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint on March 13, 2014, alleging violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985, as well as state law claims for malicious prosecution, negligence, conspiracy, defamation, negligent and/or intentional infliction of emotional distress, and interference with contractual relations.[7] On April 24, 2014, Herboldsheimer and the County Defendants (collectively, "Defendants") filed separate motions to dismiss Plaintiff's complaint.[8] On May 23, 2014, Plaintiff filed an unopposed motion for an extension of time to file an opposition to Defendants' respective motions to dismiss.[9] The court granted that motion and allowed Plaintiff until June 20, 2014 to file opposition memoranda.[10]

In an email dated June 18, 2014, Plaintiff requested that Defendants consent to the filing of an amended complaint rather than Plaintiff filing opposition memoranda to Defendants' respective motions to dismiss. Defendants informed Plaintiff that they would not stipulate to the

---

[4] *See* docket no. 32.

[5] *See* docket no. 33.

[6] *See* docket no. 39.

[7] *See* docket no. 2.

[8] *See* docket nos. 21 & 22.

[9] *See* docket no. 25.

[10] *See* docket no. 26.

filing of an amended complaint. Nevertheless, two days later, Plaintiff filed an amended complaint without consent of Defendants or leave of court.[11]

Defendants filed separate motions to strike Plaintiff's amended complaint on the grounds that Plaintiff failed to comply with rule 15 of the Federal Rules of Civil Procedure.[12] Plaintiff opposed Defendants' motions to strike[13] and, nearly three weeks later, filed a motion for leave to file an amended complaint.[14] Defendants opposed Plaintiff's motion and argued that Plaintiff's proposed amended complaint is futile and suffers from the same defects as his initial complaint.[15]

## ANALYSIS

Plaintiff's actions have confused the procedural status of this case. Defendants' refusal to consent to allow Plaintiff to file an amended complaint has delayed resolution of this matter on the merits. Plaintiff's filing of his amended complaint was improper as Plaintiff did not have consent of the parties or leave of court. Under rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, an amended complaint can be filed as a "matter of course" within twenty-one (21) days after a motion under rule 12(b) has been filed. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's

---

[11] *See* docket no. 28.

[12] *See* docket nos. 32 & 33.

[13] *See* docket nos. 37 & 38.

[14] *See* docket no. 39.

[15] *See* docket nos. 42 & 43.

leave." Fed. R. Civ. P. 15(a)(2). Plaintiff did not file his amended complaint within twenty-one days of Defendants' motions to dismiss, nor did he obtain consent of Defendants or leave of court prior to doing so.

Defendants further argue that this court should deny Plaintiff's motion for leave to file his amended complaint. Specifically, Defendants contend that Plaintiff's amended complaint does not cure the defects in his original complaint and allowing it to stand would be futile. However, it is firmly established that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting previous version of Fed. R. Civ. P. 15)). "A district court should refuse leave to amend only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quotations and citation omitted).

Upon careful review and consideration of the pending motions and the procedural history in this case, this court believes that it is in the interest of justice to grant Plaintiff's motion for leave to amend and permit his amended complaint to stand. That said, the court has serious concerns regarding the validity of Plaintiff's claims (in both his original complaint and amended complaint) and finds Defendants' arguments in favor of dismissal to be persuasive, at least as to some causes of action and individual Defendants. However, the procedural posture of this case leaves the court without the benefit of a substantive argument from Plaintiff against dismissal.

Accordingly, the court is not convinced that granting Plaintiff's motion leave to file an amended complaint would indeed be futile.

While the court concludes that the amended complaint was improperly filed, Defendants' motions to strike should nonetheless be denied and Plaintiff's amended complaint should be allowed in the interest of judicial economy. Because this case is in its procedural infancy, granting Plaintiff leave to file an amended complaint will not prejudice or unduly burden Defendants. As noted by the Tenth Circuit, rule 15 is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). That said, the court considers the circumstances presented here indicative of rogue practice of law by Plaintiff, ignoring rules of procedure. The court will not tolerate nor condone such practice. In the future, counsel shall comply with all procedural rules. Failure to do so will result in sanctions to the offending party or counsel.

Should Judge Nuffer adopt this report and recommendation, Plaintiff's amended complaint becomes the operative complaint in this matter and it should be deemed filed as of the date of Judge Nuffer's order. Defendants would then be free to refile their motions to dismiss as to the amended complaint and the parties should brief it according to the applicable procedural rules.

### **RECOMMENDATION**

Based on the foregoing, this court recommends that:

(1)   Plaintiff's motion for leave to file an amended complaint be **GRANTED**;

(2) Defendants' motions to strike be **DENIED**,

(3) Plaintiff's amended complaint be allowed to stand and deemed filed as of the date of Judge Nuffer's ruling on this Report and Recommendation, and

(4) Defendants' motions to dismiss Plaintiff's original complaint be deemed **MOOT**.

* * * * * * * * *

Copies of this Report and Recommendation will be sent to the parties, who are hereby notified of their right to object. See 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection to this Report and Recommendation must be filed within fourteen (14) days after a party is served with a copy of it. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 31st day of March, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge