# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SILVAN WARNICK,<br><br>**Plaintiff,**<br><br>v.<br><br>BRADFORD COOLEY, ROBIN WILKINS, DANIEL HERBOLDSHEIMER, ETHAN RAMPTON, MARK KNIGHTON, and JEFFREY HALL,<br><br>**Defendants.** | **REPORT AND RECOMMENDATION**<br><br><br>**Case No. 2:14-cv-186-DN-PMW**<br><br><br>**Chief District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Daniel Herboldsheimer's ("Herboldsheimer") motion to dismiss Silvan Warnick's ("Plaintiff") Amended Complaint;[2] and (2) Bradford Cooley, Robin Wilkins, Ethan Rampton, Mark Knighton, and Jeffrey Hall's (collectively, "County Defendants") motion to dismiss Plaintiff's Amended Complaint.[3] On May 18, 2016, the court held a hearing on the motions.[4] At the hearing, Herboldsheimer was represented by Erik Strindberg, County Defendants were represented by Jennifer Bailey, and

---

[1] *See* docket no. 34.

[2] *See* docket no. 53.

[3] *See* docket no. 54.

[4] *See* docket no. 63.

Plaintiff was represented by Mark Shurtleff and Steve Christensen. Before the hearing, the court carefully considered the motions, memoranda, and other materials submitted by the parties. After considering the arguments of counsel and taking the motions under advisement, the court issues the following Report and Recommendation.

## **BACKGROUND**

Plaintiff was a Salt Lake County Constable in the South Salt Lake City Justice Court ("Justice Court"). Herboldsheimer, an employee of Plaintiff, was working as a deputy bailiff in the Justice Court. At a hearing on August 24, 2011, a Justice Court judge ordered that a defendant named Vigil be taken into custody. However, Vigil fled the courthouse, and Herboldsheimer pursued him on foot. Herboldsheimer and a second deputy bailiff, who was also an employee of Plaintiff's, caught up to Vigil and took him into custody. Herboldsheimer made out an incident report regarding the pursuit and capture of Vigil.

As Herboldsheimer's supervisor, Plaintiff investigated the incident and reviewed the incident report. Plaintiff informed Herboldsheimer that the report was not in compliance with Police Officer Standards and Training ("POST") requirements because it "contained numerous suppositions, as well as false, inaccurate[,] and misleading statements and information."[5] Plaintiff also advised Herboldsheimer that some of the information contained in the report was not directly observed by Herboldsheimer, particularly with regard to the portion of the report which alleged use of force by the other deputy bailiff.

Plaintiff asserts that Herboldsheimer became "offended" when Plaintiff reprimanded him for the inaccuracies in his report and, in retaliation, Herboldsheimer informed the Salt Lake

---

[5] Docket no. 28 at 4.

County District Attorney that Plaintiff had instructed him to falsify his report regarding excessive force against Vigil.[6] Plaintiff further states that Herboldsheimer alleged that Plaintiff and another staff member modified his report of the apprehension of Vigil. As a result of Herboldsheimer's allegedly false allegations, Chief Deputy District Attorney Jeffery Hall, launched an investigation of Plaintiff and filed felony charges against him in Third District Court, State of Utah, for witness and evidence tampering.

Plaintiff argues that County Defendants failed in their duty to fully investigate Herboldsheimer's allegations against Plaintiff. Plaintiff further contends that County Defendants charged him with crimes that were not supported by probable cause and that they knew or should have known that the allegations were falsely made by a disgruntled employee. Specifically, Plaintiff explains that at a preliminary hearing on March 13, 2012, the state court dismissed one of the charges against Plaintiff pursuant to a motion by his defense counsel. Bradford Cooley, prosecutor for the District Attorney's office, then moved to dismiss the second charge against Plaintiff without prejudice, and the state court granted that motion. On March 29, 2012, County Defendants refiled felony charges against Plaintiff. At another preliminary hearing held on September 25, 2012, the court again dismissed those charges for lack of probable cause.

Plaintiff filed this action alleging violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985, as well as state law claims for malicious prosecution, negligence, conspiracy, defamation, negligent and/or intentional infliction of emotional distress, and interference with contractual relations. Based on a recommendation by this court, Judge Nuffer granted Plaintiff

---

[6] *Id.*

leave to amend his complaint.[7] Herboldsheimer's and County Defendants' instant motions to dismiss followed.

## DISCUSSION

### I. Standard of Review

Rule 12(b)(6) permits the court to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). But the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### A. Defendant Herboldsheimer

As noted above, Plaintiff asserts claims against Herboldsheimer for alleged violations of his constitutional rights under both 42 U.S.C. §§ 1983 and 1985, as well other state law claims.

---

[7] *See* docket no. 48.

4

To assert a cause of action under section 1983, a plaintiff must show "both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013). This court has reviewed Plaintiff's Amended Complaint and concludes that Plaintiff has failed to allege sufficient facts to demonstrate that Herboldsheimer was acting under color of state law when he reported Plaintiff to County Defendants. While Herboldsheimer was a POST certified deputy constable working in the Justice Court when the events giving rise to Plaintiff's lawsuit occurred, this does not render him a state actor. There is nothing in the Amended Complaint alleging that Herboldsheimer "exercised power 'possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff asserts that Herboldsheimer contacted the District Attorney's Office to inform them that Plaintiff had modified one of his reports. In other words, he was making a report to law enforcement as any citizen might do; he was not using any power or authority derived from his position as a POST certified deputy constable. Nor is Herboldsheimer an employee of the state or the county. Thus, Herboldsheimer was not a state actor for purposes of section 1983 by virtue of his position as a POST certified deputy constable.

That said, an individual asserting a section 1983 claim may satisfy the state action requirement through sufficient allegations of a conspiracy between a private individual and a state official. *See Tower v. Glover*, 467 U.S. 914, 920 (1984) (holding that a private person acts "under color of" state law when engaged in conspiracy with state officials to deprive another of federal rights). However, to meet that requirement, Plaintiff must set forth "specific facts

5

showing an agreement and concerted action amongst the defendants. . . . Conclusory allegations of conspiracy are insufficient to state a valid [section] 1983 claim." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quotations and citation omitted). Plaintiff's allegations of conspiracy fail to allege sufficient facts showing an agreement and concerted action between or among Herboldsheimer and any of the County Defendants. Plaintiff alleges that Herboldsheimer "intentionally and with the knowledge and encouragement of [County Defendants] provided said false information as being accurate regarding the alleged coercion and falsification of the Herboldsheimer incident report of the facts surrounding the August 24, 2011, incident."[8] This conclusory statement requires the court to make assumptions about what may or may not have occurred. There is nothing to suggest that County Defendants had encouraged Herboldsheimer to make this report or to falsify the facts contained in it. Herboldsheimer was simply providing information to law enforcement about Plaintiff's conduct, as any private citizen may do. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under 1983 or 1985.").

Even assuming Herboldsheimer's report to County Defendants was false, the filing of a false report with law enforcement is insufficient to show that Herboldsheimer acted under "color of state law." *Espinoza v. Walgreen Co.*, No. 2:08CV997DS, 2009 WL 2843345, *3 (D. Utah Aug. 25, 2009) (holding that a false report to police that the plaintiff had submitted a forged description is "insufficient to find joint action with the police"). Simply stating that Herboldsheimer and County Defendants conspired to deprive Plaintiff of his constitutional rights

---

[8] Docket no. 28 at 7.

is not sufficient to state a claim. Accordingly, Plaintiff's section 1983 claim against Herboldsheimer fails as a matter of law.

This court also concludes that Plaintiff's claim against Herboldsheimer under section 1985 fails as a matter of law. "The essential elements of a § 1985(3) conspiracy claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). A § 1985 conspiracy "requires the combination of two or more persona acting in concert," including a "meeting of the minds or agreement among the defendants." *Abercrombie v. City of Catoosa, Okla.*, 896 F.3d 1228, 1230 (10th Cir. 1990). Conclusory allegations of conspiracy are insufficient. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010). In addition, 42 U.S.C. § 1985(3) only applies to "conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton*, 6 F.3d at 686 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–102 (1971)). As noted above, Plaintiff has failed to set forth sufficient facts demonstrating that Herboldsheimer conspired with County Defendants. Furthermore, Plaintiff also fails to allege that Herboldsheimer was motivated by some race or class-based discriminatory animus. Accordingly, because Plaintiff fails to plead sufficient facts regarding Herboldsheimer to support a conspiracy or to show a class-based animus, Plaintiff's claim for relief against Herboldsheimer under section 1985 likewise fails as a matter of law.

Plaintiff has also alleged five state law claims against Herboldsheimer: Malicious Prosecution, Negligence, Defamation, Negligent and/or Intentional Infliction of Emotional Distress; and Interference with Contract. This court concludes that Plaintiff's state law causes of

action fail to give Herboldsheimer "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While a Court must accept all allegations in a complaint as true, "mere 'labels and conclusions,' [nor] 'a formulaic recitation of the elements of a cause of action' will suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (quoting *Twombly*, 550 U.S. at 555). Because Plaintiff's state law causes of action are a "formulaic recitation of the elements of a cause of action," they should be dismissed for failure to state a claim upon which relief may be granted.

### B. County Defendants

County Defendants move to dismiss Plaintiff's amended complaint on the basis that (1) Hall, Cooley, and Rampton are shielded by absolute prosecutorial immunity; (2) Plaintiff failed to state a claim under 42 U.S.C. § 1985 for conspiracy; (3) the state law claims are subject to dismissal to the extent that Plaintiff failed to provide proper notice pursuant to the Governmental Immunity Act; and (4) Plaintiff otherwise failed to state a claim or cause of action under federal or state law on which relief could be granted as against the County Defendants. The court will address each argument in turn.

#### 1. Prosecutorial Immunity

County Defendants argue that Plaintiff's claims against Cooley, Rampton, and Hall under 42 U.S.C. § 1983 should be dismissed as they are entitled to absolute immunity. This court agrees. It is well-established that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). For instance, "[p]rosecutors are entitled to absolute immunity for their

8

decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of County Com'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009). But, absolute immunity does not attach to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430-31.

"To determine whether a state prosecutor's actions are shielded from liability under § 1983 by absolute immunity, courts apply 'a functional approach, which looks to the nature of the function performed, not the identity of the actor who performed it.'" *Glaser v. City and County of Denver, Colo.*, 557 F. App'x 689, 704 (10th Cir. 2014) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). While absolute immunity does not apply to actions "'that are primarily investigative or administrative in nature,'" it may attach to these types of actions when they are necessary for a prosecutor to "fulfill his function as an officer of the court." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (quoting *Imbler*, 424 U.S. at 430-31 (1976)). "Thus, the more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." *Id.* For instance, "when a prosecutor conducts investigative work normally performed by the police, he is not performing a prosecutorial function." *Glaser*, 557 F. App'x at 705; *see Buckley*, 509 U.S. at 273-74.

Plaintiff alleges that Cooley, Rampton, and Hall engaged in an investigation of Herboldsheimer's allegations "with the intent to search for evidence that might give them probable cause to bring an action against Plaintiff" and that "by directing the investigation of the

County Attorney's own investigators . . . were actively engaged in [an] investigatory function by directly participating in the preliminary gathering of evidence that might ripen into a potential prosecution."[9] However, these actions and the others described in Plaintiff's complaint are actions that are "'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions." *Pfeiffer*, 929 F.2d at 1490 (quoting *Imbler*, 424 U.S. at 430-31). Furthermore, most of Plaintiff's allegations are vague and conclusory and do not sufficiently allege that Cooley, Rampton, and Hall acted outside the scope of their traditional function as prosecutors. In particular, Plaintiff alleges that Cooley, Rampton, and Hall (as well as Wilkins and Knighton) accepted false information as being accurate,[10] knowingly and intentionally conspired to file charges against Plaintiff,[11] knew or should have known that Plaintiff had not committed the alleged crimes,[12] knew or should have known that the information upon which the charges were based was false and inaccurate and that there was no probable cause,[13] failed to properly and adequately investigate the information supplied to them by Herboldsheimer,[14] failed to investigate the allegations prior to the filing of charges,[15] re-filed the charges without

---

[9] Docket no. 28 at 6-7.

[10] *See id.* at 7, ¶26.

[11] *See id.* at 7, ¶27.

[12] *See id.* at 7-8, ¶¶ 26, 27 and 29.

[13] *See id.*

[14] *See id.* at 8, ¶ 29.

[15] *See id.*

10

obtaining additional or different facts,[16] and failed to present adequate evidence that Plaintiff had committed the alleged crimes.[17] Each of these actions, even those falling in the "investigative" category, are actions taken as part of the prosecutors' role as an officer of the court. "Preparing to initiate a prosecution may necessitate obtaining, reviewing and evaluating evidence; absolute immunity may attach when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court." *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990). "Although identifying those acts entitled to absolute immunity is not always easy, the determinative factor is 'advocacy' because that is the prosecutor's main function and the one most akin to his quasi-judicial role." *Id.* (quotations and citations omitted). Furthermore, even "an allegation of malice is insufficient to overcome a claim of absolute immunity," and, consequently, a prosecutor is protected by absolute immunity from allegations that he or she "knowingly used false testimony and suppressed material evidence in a trial." *Glaser*, 557 F. App'x at 705; *see Imbler*, 424 U.S. at 421-22.

Thus, accepting Plaintiff's allegations as true in a light most favorable to Plaintiff, Cooley, Rampton, and Hall are nevertheless protected by absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 424-27 (holding that prosecutors are absolutely immune from suit under § 1983 and setting forth the myriad of public policy reasons for absolute prosecutorial immunity). Plaintiff has failed to allege any specific facts as to how any of the individual prosecutors acted beyond their traditional function as prosecutors during the initiation and prosecution of charges

---

[16] *See id.* at 9-10, ¶ 35-36.

[17] *See id.*

against Plaintiff; Plaintiff's complaint establishes that Cooley, Rampton, and Hall simply performed their roles as prosecutors.

That said, Plaintiff correctly argues that absolute immunity does not attach to statements made to the media. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993) ("Comments to the media have no functional tie to the judicial process just because they are made by a prosecutor."). However, the only allegation in the complaint regarding media statements is found under Plaintiff's state law claim for defamation. There, Plaintiff alleges that "Defendants caused to be published in local newspapers, and on news casts, statements made to third persons by Defendants, and each of them jointly and severally, which statements were understood as defamatory and slanderous."[18] Plaintiff fails to identify which causes of action are against which of the five County Defendants and, instead, lumps the County Defendants together. A complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations and citation omitted). In the context of a § 1983 claim against individual government actors, the complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Thus, even assuming Cooley, Rampton, and Hall had acted beyond the scope of their prosecutorial duties by speaking with the media, Plaintiff has failed to provide fair notice to them as to the basis of his claim against them individually.

---

[18] Docket no. 28 at 16.

Accordingly, Plaintiff's section 1983 claims against Cooley, Rampton, and Hall fail as a matter of law.

### 2. Conspiracy Under 42 U.S.C. § 1985

Plaintiff alleges that County Defendants conspired against him in violation of 42 U.S.C. § 1983. As noted above, "[t]he essential elements of a § 1985(3) conspiracy claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton*, 6 F.3d at 686. However, this cause of action only applies to "conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Griffin*, 403 U.S. at 101-102). Because Plaintiff has failed to allege that County Defendants were motivated by some race or class-based discriminatory animus, Plaintiff's claim for relief against County Defendants under section 1985 likewise fails as a matter of law.

### 3. Governmental Immunity Act

County Defendants contend that Plaintiff is barred from asserting various state law claims against them because he failed to provide proper notice pursuant to the Governmental Immunity Act of Utah ("Governmental Immunity Act"), *see* Utah Code Ann. § 63G-7-101 to -904, and his time for doing so has expired. Specifically, County Defendants argue that all of Plaintiff's state law claims against Hall and Knighton fail as a matter of law as Plaintiff did not provide a timely notice of claim against them. County Defendants also argue that Plaintiff's state law claims for Defamation and Negligent Infliction of Emotional Distress as to all County Defendants also fail for lack of timely notice.

The Governmental Immunity Act "grants the state and its political subdivisions 'broad, background immunity' from injuries that result due to the exercise of a governmental function." *See Wheeler v. McPherson*, 40 P.3d 632, 635 (Utah 2002) (quoting *Hall v. Utah State Dep't of Corrections*, 24 P.3d 958, 958 (Utah 2002)). "[S]uit may not be brought against the state or its subdivisions unless the requirements of the Governmental Immunity Act are strictly followed." *Hall v. Utah State Dep't of Corrections*, 24 P.3d 958, 965 (Utah 2001). "A prerequisite in pursuing a claim against the State or its officers is a compliance with [the Act's notice provision]." *Id.* (quotations and citation omitted). Any such notice of claim must be served within one (1) year "after the claim arises." Utah Code Ann. § 63G-7-402. The notice must "set forth . . . a brief statement of the facts," "the nature of the claim asserted," and "the damages incurred by the claimant." *Id.* § 63G-7-401(3)(a)(i)-(iii). And of particular relevance here, "if the claim is being pursued against a governmental employee individually . . . [the notice must set forth] the name of the employee." *Id.* § 63G-7-401(3)(a)(iv).

County Defendants argue that because the statute of limitations did not accrue until the dismissal of the second felony matter on September 25, 2012, any notice of claim must have been served no later than September 25, 2013. Plaintiff served the County with notices of his claims on March 12, 2013, March 20, 2013, and April 2, 2013. However, Plaintiff did not identify any claims or wrongdoing pertaining to Hall or Knighton in those notices. *See* Utah Code Ann. §63G-7-401(3)(a)(v). Accordingly, the state law claims against Hall and Knighton are barred by Plaintiff's failure to comply with the notice requirement and, as such, should be dismissed for lack of jurisdiction.

Additionally, County Defendants assert that Plaintiff did not identify any claims against any of the County Defendants based on defamation or negligent infliction of emotional distress, nor did Plaintiff describe any facts in his Notices of Claim to give rise to such claims. *See* Utah Code Ann. §63G-7-401(3)(a)(ii). While the "notice need not meet the standards required to plead a claim for relief," it must include "'enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability.'" *Cedar Professional Plaza, L.C. v. Cedar City Corp.*, 131 P.3d 275, 278 (Utah Ct. App. 2006) (quoting *Houghton v. Dep't of Health*, 125 P.3d 860, 867 (Utah 2005)). The court concludes that Plaintiff failed to strictly comply with the Governmental Immunity Act by alleging facts sufficient to put County Defendants on notice of his claims for defamation and negligent infliction of emotional distress. As such, these causes of action against County Defendants are likewise barred and should be dismissed for lack of jurisdiction.

### 4. Remaining Claims Against Remaining County Defendants

Plaintiff also fails as a matter of law to plead any viable claim for violation of constitutional rights against the County Defendants. As noted above, in the context of a civil rights action against multiple individual governmental actors, liability must be predicated on an individual defendant's personal involvement in the constitutional violation. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "It is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). Here, Plaintiff fails to specify what each of the County Defendants said or did to give rise to a viable civil rights claim. Instead, Plaintiff simply lumps

the County Defendants together in a series of collective allegations that are devoid of any specific facts as to indicate any individual's liability for the constitutional violations alleged by Plaintiff. Such conclusory allegations are insufficient as a matter of law to establish liability on behalf of any of the County Defendants.

The court also concludes that Plaintiff's state law claims for malicious prosecution, negligence, conspiracy, defamation, negligent and/or intentional infliction of emotional distress, and interference with contractual relations also fail as a matter of law. Each of Plaintiff's state law claims fails to give each individual County Defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While a Court must accept all allegations in a complaint as true, "mere 'labels and conclusions,' [nor] 'a formulaic recitation of the elements of a cause of action' will suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (quoting *Twombly*, 550 U.S. at 555). Plaintiff has simply recited the elements for each of his state law claims in conclusory fashion. This is insufficient to give each County Defendant notice of which causes of action are applicable to him individually. As such, each of Plaintiff's state law causes of action fail to state a claim for relief and should be dismissed as a matter of law.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Herboldsheimer and County Defendants' respective motions to dismiss be **GRANTED** and that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief may be granted, as set forth above.

16

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 22nd day of July, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge