MARK L. SHURTLEFF (USB 4666)
SHURTLEFF LAW FIRM, PC
P.O. Box 900873
Sandy, Utah 84090
(801) 441-9625
mark@shurtlefflawfirm.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SILVAN WARNICK,**<br><br>                    Plaintiff,<br><br>**v.**<br><br>**BRADFORD COOLEY, ROBIN WILKINS, DANIEL HERBOLDSHEIMER, JEFFREY HALL, ETHAN RAMPTON, MARK KNIGHTON, JOHN DOES, 1-15,**<br>                    Defendants. | Case No: 2:14-cv-00186<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Paul M. Warner |

**PLAINTIFF'S MOTION FOR STAY PENDING APPEAL AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Plaintiff Silvan Warnick, by and through his undersigned counsel, respectfully submits this Motion for a Stay Pending Appeal, and Memorandum in Support, of Defendant Daniel Herboldsheimer's Rule 54 Motion for Attorney Fees.

On March 29, 2017, this Court entered a Memorandum Decision and Order granting Defendant Daniel Herboldsheimer's Motion to Dismiss for Failure to State a Claim (Dkt. #54).

On April 10, 2017 Defendant Daniel Herboldsheimer filed his Motion for Attorney Fees and Memorandum in Support and Affidavit of Erik Strindberg (Dkt. #77).

1

On April 24, 2017 Plaintiff filed his Memorandum in Opposition to Defendant's Motion for Attorney Fees and Memorandum in Support (Dkt. #78). In his Opposition, Plaintiff requested, pursuant to Rule 54(d)(2)(D) of the Utah Rules of Civil Procedure, a hearing or written opportunity to challenge the amount of fees alleged in Exhibit A to Herboldsheimer's motion as being unreasonable.

On April 27, 2017 Plaintiff filed an appeal of this Court's Order with the Tenth Circuit Court of Appeals (Doc. 81).

On June 12, 2017 Herboldsheimer filed a Request to Submit for Decision (Dkt. #84).

Plaintiff respectfully requests that any further litigation over attorney's fees and costs be deferred until after resolution of Plaintiff's appeal.

As discussed below, no harm will come by deferring consideration of Herboldsheimer's Motion for Attorney Fees until after the pending appeal is resolved. Accordingly, Plaintiff seeks to defer litigating the issue of attorneys' fees until the appeal is concluded.

## ARGUMENT

The Federal Rules of Civil Procedure contemplate that a district court may defer ruling on a request for attorneys' fees and costs until a pending appeal has been decided. See Comments to Fed. R. Civ. P. 54 (1993 amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved").

2

The Supreme Court has identified four factors to be considered in assessing a request for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The stay factors contemplate "individualized judgments" in each case, and "the formula [for doing so] cannot be reduced to a set of rigid rules." Id. at 777 (emphasis added).

In its appeal, Plaintiff contends that the district court misconstrued and misapplied the law as to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and interpretive case law; misstated the facts regarding responsibility for the delays in obtaining rulings on motion to dismiss; and otherwise committed an abuse of discretion in misconstruing Plaintiff's request that should the court grant Defendants' Motions to Dismiss, it do so without prejudice. Since the Court has not likely lost faith in its own ruling in the past few weeks, Plaintiff does not belabor in detail all the bases for its appeal. However, that the Court believes its ruling to be proper does not necessarily mitigate against the requested stay. The first factor should be applied flexibly, because were it applied literally it would almost never be met. *United States v. ASCAP*, 1991 U.S. Dist. LEXIS 14274, *2-3 (S.D.N.Y. Oct. 3, 1991).

The second factor weighs heavily in favor of a stay. Granting the requested stay preserves judicial resources, the parties' resources, and allows the parities to focus on preparing the matter for the Tenth Circuit. Litigating the issue of attorneys' fees and

costs, including the requested hearing to challenge the amount of fees, will require that the parties and the Court expend resources that will have been wasted (and may have to be duplicated) in the event that Plaintiff succeeds on his appeal. Indeed, citing concerns of judicial efficiency, and without even examining the four factors cited above for stay of an order, courts often defer ruling on a request for fees until after an appeal on the merits is decided. See, e.g., *Hipp v. Liberty Nat. Life Ins. Co*., 65 F. Supp.2d 1314, 1323 (M.D. Fla. 1999) ("In the interests of judicial economy, the Court will … defer ruling on costs and attorneys' fees until all appeals have been resolved"), aff'd in part, rev'd on other grounds in part, 252 F.3d 1208 (11th Cir. 2001); *Nat'l Farmer's Org., Inc. v. Associated Milk Producers, Inc*., 850 F.2d 1286, 1312 (8th Cir. 1988) ("Thus, rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, [ ] the district court wisely deferred ruling on attorneys' fees and costs pending appeal")(citations omitted); *Hammond v. Alcoa, Inc.,* 2009 U.S. Dist. LEXIS 14212, *3-4 (W.D. Pa. Feb. 24, 2009) (deferring motion for an award of attorney's fees while appeal on merits was pending, finding the motion "premature" and that to rule before the Third Circuit decides the appeal would be "inappropriate" and "inefficient"); *Lasic v. Moreno*, 2007 U.S. Dist. LEXIS 88608, *2-3 (E.D. Cal. Nov. 21, 2007) (finding it in interests of judicial economy to defer ruling on attorneys' fees request when appeal on merits is pending).

      The third factor also weighs heavily in favor of a stay.  Herboldsheimer will not be harmed by the issuance of the Stay. There is no allegation or basis to allege that Plaintiff will be unable to pay an award of reasonable attorneys' fees following a ruling

from the Tenth Circuit, should Plaintiff lose the appeal and this Court deem an award of fees appropriate. Moreover, if the Court proceeds with litigating the issue of attorneys' fees now, (i) as discussed above and in Plaintiff's Opposition to Herboldsheimer's Motion for Attorney Fees, there are an abundance of reasons why an award of attorneys' fees is inappropriate, and (ii) even if Herboldsheimer's Motion were ultimately granted in some measure, pursuant to Fed. R. Civ. P. 62, Plaintiff would post a bond in order to obtain a stay upon appeal. Thus, as a practical matter, in no event will Herboldsheimer collect any fees until after the Tenth Circuit rules on Plaintiff's appeal.

The fourth factor, regarding the public interest, also falls in favor of Plaintiff. The public interest is in an efficient use of resources. Litigating the issue of attorneys' fees before the Tenth Circuit has ruled on Plaintiff's appeal is simply not efficient, nor is there any prejudice to any party by deferring the issue.

## CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant its motion for a stay pending appeal.

DATED this 14th day of June 2017.

**SHURTLEFF LAW FIRM**

*/s/ Mark L. Shurtleff*
Mark L. Shurtleff
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June 2017, a true and correct copy of the foregoing **MOTION AND MEMORANDUM FOR STAY PENDING APPEAL** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF system, which sent notification to counsel for each of the parties.

*/s/Mark L. Shurtleff*
Mark L. Shurtleff
