# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SILVAN WARNICK, <br><br> Plaintiff, <br><br> v. <br><br> BRADFORD COOLEY, ROBIN WILKINS, DANIEL HERBOLDSHEIMER, ETHAN RAMPTON, MARK KNIGHTON, and JEFFREY HALL, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:14-cv-00186-JNP-PMW <br><br><br><br> District Judge Jill N. Parrish <br><br> Chief Magistrate Judge Paul M. Warner |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Defendant Daniel Herboldsheimer's ("Herboldsheimer") motion for attorney fees[2] and (2) Plaintiff Silvan Warnick's ("Plaintiff") motion to stay Herboldsheimer's motion for attorney fees pending appeal.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket nos. 34, 71, 86.

[2] *See* docket no. 77.

[3] *See* docket no. 85.

## ANALYSIS

I.  **Herboldsheimer's Motion for Attorney Fees**

Herboldsheimer previously brought a motion to dismiss Plaintiff's claims against him in this case.[4] Pursuant to a Report and Recommendation issued by this court,[5] and an order issued by Judge Parrish,[6] that motion was granted, and all of Plaintiff's claims against Herboldsheimer were dismissed. Herboldsheimer has now brought a motion for attorney fees, in which he seeks an award of $15,447.00 in attorney fees under 42 U.S.C. § 1988 based on his assertion that Plaintiff's claims against him were "unreasonable, and without foundation, if not outright frivolous."[7]

A party prevailing in an action brought under 42 U.S.C. § 1983 may be awarded attorney fees. *See* 42 U.S.C. § 1988(b). "A prevailing defendant in a civil rights action may recover attorney's fees under 42 U.S.C. § 1988 if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'" *Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000).

The court has determined that Herboldsheimer has failed to meet the high standard for an award of attorney fees under 42 U.S.C. § 1988. Although both this court and Judge Parrish

---

[4] *See* docket no. 53.

[5] *See* docket no. 64.

[6] *See* docket no. 75.

[7] Docket no. 77 at 4.

concluded that Plaintiff's claims against Herboldsheimer were ripe for dismissal, neither this court nor Judge Parrish reached the conclusion those claims were "'vexatious, frivolous, or brought to harass or embarrass'" Herboldsheimer. *Utah Women's Clinic, Inc.*, 136 F.3d at 709 (quoting *Hensley*, 461 U.S. at 429 n.2). Furthermore, the court is unwilling to reach that conclusion now. Accordingly, Herboldsheimer's motion for attorney fees is denied.

II.     **Plaintiff's Motion to Stay Herboldsheimer's Motion for Attorney Fees**

In light of the court's denial of Herboldsheimer's motion for attorney fees, Plaintiff's motion to stay that motion pending appeal is moot.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Herboldsheimer's motion for attorney fees[8] is DENIED, and Plaintiff's motion to stay Herboldsheimer's motion for attorney fees pending appeal[9] is MOOT.

IT IS SO ORDERED.

DATED this 4th day of January, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[8] *See* docket no. 77.

[9] *See* docket no. 85.